COMMONWEALTH *vs.* LAWRENCE R. GARDINIER.

Barnstable.    February 7, 1966. — March 3, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL,
& REARDON, JJ.

*Larceny.    False Pretences.*

Evidence warranted a finding that one, employed as an inspector by the
Commonwealth and also employed as a court officer attending court each
court day from ten in the morning until four in the afternoon at a court
house forty miles from the town where he lived and was employed as an
inspector, did not work forty hours per week as an inspector as repre-
sented by him in pay vouchers which he signed and on the basis of which
he was paid by the Commonwealth, and warranted a conviction of him
for larceny from the Commonwealth.

INDICTMENT found and returned on April 10, 1964.

The case was heard by *Dewing,* J., without jury.

*Daniel J. Fern* for the defendant.

*Francis W. Keating,* Assistant District Attorney, for the
Commonwealth.

SPIEGEL, J.    An indictment charged the defendant with
fifteen counts of larceny of money, each of a value of less
than $100, from the Commonwealth.    The defendant, hav-
ing waived his right to a trial by jury, was tried by a judge
of the Superior Court who found him guilty on eight counts.
The case is here on the defendant's exception to the denial
of his request for a ruling "that the evidence was insuf-
ficient to warrant a conviction."

There was evidence that the defendant was "employed
by the Department of Public Works (Waterways Division)
of the Commonwealth during 1959 and early 1960, as a tem-
porary inspector of certain improvements in Wellfleet Har-
bor, then in process."    He signed weekly pay vouchers,
"each showing a total of forty hours for five days of eight
hours per day, for the weeks of October 10, 17, 24, 31,
November 7, 14, 21, 1959, and the week of January 9, 1960,

and he was paid $59.41 for each such week." During this period the defendant was also employed as a "special sheriff and Court Officer" in the county of Barnstable. In this latter position the defendant "had to attend Court each Court day at 10 a.m. and . . . the customary Court hours were from 10 a.m. to 4 p.m." The court house is forty miles from Wellfleet where the defendant resided and where he was employed as a temporary inspector. His immediate supervisor, Thomas Sheehan, and Francis Graham, a construction engineer for the Waterways Division testified that the working hours of the inspectors were the working hours of the contractors for the several jobs comprising the Wellfleet operation. Graham stated that the working hours "vary from 7 a.m. to 3:30 p.m., and from 8 a.m. to 5 p.m., and unless there was overtime, a temporary inspector would not have evening duties. In 1959, the latest work he knew about occurred between 6 and 7 p.m." The construction supervisor on one of the jobs at Wellfleet said that he "saw defendant on the wharf at various times, sometimes at night, but never for eight hours on his contract, which operated from 7:30 a.m. to 4:30 p.m." Another inspector on the Wellfleet job testified that "no Inspector was assigned at night to his knowledge."

We are of opinion that this evidence was sufficient for the judge to conclude that the defendant failed to work the forty hours each week which he claimed on his voucher.

The defendant argues that he "fully disclosed his commitments to each employer, and neither was deceived . . .." His "time vouchers and the propriety of his conduct have not been questioned by his superiors at the Wellfleet jobs [and] Sheehan, who 'knew what was going on,' according to Graham, stated that defendant's services were satisfactory."

This argument ignores the fact that Sheehan testified that the defendant was required to work eight hours a day as an inspector for his services to be considered satisfactory. Sheehan said that he "himself was . . . [on the job] only an hour each day." It is clear, therefore, that Shee-

han did not know whether the defendant worked eight hours a day on the job as an inspector. Further, it is certainly obvious that the Commonwealth of Massachusetts, in paying the defendant for his alleged employment as an inspector, relied on the signed vouchers of the defendant.

There was no error in the denial of the defendant's request.

*Exceptions overruled.*